Eugene J McLaughlin, Jr, Esq
Todd Collins, ADA

STATE OF MAINE           SUPERIOR COURT
AROOSTOOK, ss          DOCKET NO. CR-03-177

*E/1H - ARO - 2/25/2004*

STATE OF MAINE         )
                            )
                            )
                            )
vs.                         ) ORDER ON MOTION TO SUPPRESS
                            )
                            )
                            )
KEVIN RAND           )

DONALD L. GARBRECHT
LAW LIBRARY

MAR 3 2004

Pending before the court is the Defendant's Motion to Suppress. For the reasons stated herein, the court denies this motion.

## BACKGROUND

The court makes the following findings of facts. On September 23, 2003 State Fire Marshall Timothy Lowell (Lowell) and State Police Trooper Rob Flynn (Flynn) had the Defendant in custody at the Presque Isle Police Department. The officers wanted to interview the Defendant regarding a fire that had occurred during the previous June. The interview was recorded by videotape. (Joint Ex. #1).[1] At the outset of the interview and prior to commencement of any interrogation, the officers obtained a glass of water for the Defendant and inquired regarding his level of personal comfort. Their manner was cordial and non-confrontational. Lowell was dressed in casual street clothes; Flynn was attired in the standard Maine State Police uniform. The room was well lit and clean. The Defendant was comfortable in these surroundings. The Defendant did not appear agitated or unduly stressed by his circumstance. Lowell explained that he wanted to ask the Defendant questions but before doing so, he advised the Defendant that he wanted to tape record their conversation on a small micro disk recorder.[2]

Just as it became apparent that Lowell was going to move beyond the initial pleasantries of their meeting and was going to commence the interview, the Defendant stated, " I don't need an attorney present?" Although stated as a negative declarative statement, the Defendant's inflection in making this statement indicates to the court that he was in fact asking a question. Stated in other words, the question would be "Do I need an attorney?" To this question, Lowell responded, " We're going to go over your rights in just a moment."

---

[1] The court has watched and listened to the videotape during the hearing on this matter and also done so multiple times prior to issuing this decision.

[2] The officers did not advise the Defendant that they were also videotaping the interview.

Lowell then produced his *Miranda* card and went down through each of the Defendant's rights. The Defendant acknowledged that he had on some other occasion been read his rights by a police officer and presumably already had some familiarity with them. Nonetheless, Lowell asked the Defendant if he understood each right, including his right to counsel at State expense both prior to and during any interrogation. The Defendant acknowledged understanding each right. Lowell handed the Defendant the *Miranda* card and asked the Defendant to sign the card; the Defendant did so. Lowell asked if the Defendant wanted any more water or coffee. The Defendant declined and Lowell then began the interview.

Lowell first reminded the Defendant that he was in custody and then stated that he was concerned about what was "going on with him". Lowell then asked a compound question. The first part pertained to whether the Defendant tell them "What was going on with him?" and the second part was simply "What happened?" The Defendant then responded, "Where do you want me to start?" Lowell told him to start anywhere he wanted; they were there to listen to anything he wanted to say. The Defendant started in with his statement.

Lowell did not ask any follow up questions regarding the Defendant's desire to have an attorney. He simply went forward with the interview. The Defendant also did not ask any follow up questions regarding an attorney and did not make any further reference at all to an attorney. He simply began to make his statement. The Defendant now seeks to suppress that statement.

DISCUSSION

The parties indicate that the sole question for the court is whether the Defendant invoked his right to counsel and triggered an obligation on the part of the police interrogators to cease questioning the Defendant until they provide that counsel. The court finds that the Defendant did not invoke his right to counsel. When a suspect makes an unambiguous and unequivocal request for counsel and thereby invokes his right to counsel, custodial interrogation must cease and the police may not resume interrogation until counsel has been made available or the suspect initiates further discussions with the police and waives the right he previously invoked. (Emphasis supplied) State v. Curtis, 552 A.2d 530,532 (Me. 1988) (See also Edwards v. Arizona, 451 U.S. 477,484, 101 S.Ct. 1880; 68 L.Ed. 2d 378; (1981). If the Defendant has been advised of his rights and he waives those rights, the police may proceed with their interrogation.

The State has the burden of proving a waiver of rights, including the right to the assistance of counsel by a preponderance of the evidence. Curtis at p.531. An express waiver can be either written or oral. An implied waiver can also be effective and can be established more circumstantially by the Defendant's overall conduct. Id. P. 532.

The court finds that the surrounding circumstances of this interview support a finding that Defendant freely chose to waive his right to counsel and that he voluntarily decided to answer the police officers' questions. The substance of his statement pertaining to an

attorney and the manner in which he spoke, indicate that he was asking for advice, not asserting a right. The words, "Should I call my lawyer" (which are the substantial equivalent of the words at issue here) have been found to fall short of an *equivocal* request for counsel which then restricts police questioning to clarifying the Defendant's intentions regarding a lawyer. *United States v. Ogbuehi* 18 F.3d 807, 814 (9th Cir. 1994).

The entry shall be: The Defendant's Motion to Suppress is denied.

Date: February 22, 2004

JUSTICE, SUPERIOR COURT

E. ALLEN HUNTER

FILED & ENTERED
SUPERIOR COURT

FEB 25 2004

AROOSTOOK COUNTY